# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EXCELLENT HOME RENTALS, INC., and LAMONT HARPER,**<br><br>        **Plaintiffs,**<br><br>               **v.**<br><br>**MARLENE R. GARDNER and GUY W. GARDNER,**<br><br>        **Defendants.** | **1:17-cv-472-LJO-BAM**<br><br>**SUA SPONTE ORDER REMANDING ACTION TO STATE COURT** |

The undersigned revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.

On April 3, 2017, Defendants Marlene R. Gardner and Guy W. Gardner filed a pro se Notice of Removal with this Court, seeking to remove an action from the Superior Court for the County of Stanislaus. Doc. 1. For the following reasons, the Court *sua sponte* REMANDS this case to the Superior Court of California for the County of Stanislaus.

Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction and can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship, a federal question, or where the United States is a party. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 8 (1983); 28 U.S.C. § 1442. Lack of subject matter jurisdiction is never waived and may be raised by the Court *sua sponte*. Fed. R. Civ. P. 12(h)(3);

1    *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Furthermore, the law is clear in the Ninth

2    Circuit that the removal statute should be strictly construed in favor of remand and against removal.

3    *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). Among other things, this means

4    that the defendant always has the burden of establishing that removal is proper. *California ex rel.*

5    *Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Federal jurisdiction must be rejected if there

6    is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

7    Cir. 1992).

8         In determining the presence or absence of federal question jurisdiction in removal cases, the

9    "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a

10   federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*

11   *v. Williams*, 482 U.S. 386, 392 (1987). Here, Defendants are unable to establish federal question

12   jurisdiction because the complaint filed in the state court contains a single cause of action for unlawful

13   detainer based on California Code of Civil Procedure section 1161a. Unlawful detainer actions are

14   strictly within the province of the state courts. *See PNC Bank Nat'l Ass'n v. Ahluwalia*, No. C 15-01264

15   WHA, 2015 WL 3866892, at *4 (N.D. Cal. June 22, 2015) (collecting cases). Therefore, Plaintiffs'

16   complaint avoids federal question jurisdiction. A defendant cannot create federal subject matter

17   jurisdiction by adding claims or defenses to a notice of removal. *Vaden v. Discover Bank*, 556 U.S. 49,

18   50 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles*

19   *v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does

20   not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is

21   anticipated in the plaintiff's complaint.").

22        The next possible basis for this Court's jurisdiction is diversity. District courts have diversity

23   jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000,

24   exclusive of interests and costs," and the action is between "(1) citizens of different States; (2) citizens

25   of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens

1   or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of

2   a State or of different States." 28 U.S.C. § 1332; *see also Geographic Expeditions, Inc. v. Estate of*

3   *Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Defendants cannot establish diversity of citizenship

4   jurisdiction in this case. The complaint filed in the underlying unlawful detainer action unequivocally

5   states that the amount in controversy is less than $10,000. When a state court complaint affirmatively

6   alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal

7   must prove with "legal certainty" that the jurisdictional amount is met. *Guglielmino v. McKee Foods*

8   *Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also Glassical Creations, Inc. v. Canter*, No. CV 15-04358

9   MMM PJWX, 2015 WL 4127912, at *4 & n. 10 (C.D. Cal. July 7, 2015). Defendants' notice of removal

10  does not provide any basis for a finding that the amount in controversy exceeds the $75,000 threshold.

11  The amount in controversy is determined without regard to any setoff or counterclaim to which

12  defendant may be entitled. *Mesa Indus., Inc. v. Eaglebrook Products, Inc*., 980 F. Supp. 323, 326 (D.

13  Ariz. 1997). Thus, the amount in controversy is insufficient to provide this Court with diversity

14  jurisdiction.

15          Moreover, in removal cases where the purported basis of jurisdiction is diversity jurisdiction,

16  removal is not permitted where a defendant is a citizen of the state in which the plaintiff originally

17  brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

18  Here, Defendants lists their address as 1105 Ione Way Modesto, California 95351, California, and do

19  not provide any alternative basis for a finding of diverse citizenship.

20          Accordingly, the Court REMANDS this case to the Superior Court for the County of Stanislaus

21  for all future proceedings.

22

23  IT IS SO ORDERED.

24      Dated:   **April 4, 2017**                    **/s/ Lawrence J. O'Neill**
                                                   UNITED STATES CHIEF DISTRICT JUDGE

25

3